19 F.3d 33
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John ELLISON, Plaintiff-Appellant,
v.
Rafael GONZALES, Colonel, United States Army, Defendant-Appellee.
 No. 92-5116.
 United States Court of Appeals, Tenth Circuit.
 March 8, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court dismissing plaintiff's complaint on the grounds that his claim for incapacitation pay in excess of $10,000 is not proper before the United States District Court for the Northern District of Oklahoma but rather is a claim that must be submitted to the United States Court of Claims. New Mexico v. Regan, 745 F.2d 1318, 1322 (10th Cir.1984), cert. denied, 471 U.S. 1065. Plaintiff appeals on the grounds that the district court erred in dismissing this action because exhaustion of internal service remedies would be burdensome or should be excused when the administrative process is dilatory or requires substantial discovery. We agree with the district court that plaintiff in this case is required to exhaust his administrative remedies and that the proper appeal route is to the United States Court of Claims.
 
 
 3
 This action arose out of a claim for incapacity pay after plaintiff was injured in an authorized parachute jump on February 23, 1986. Ultimately, plaintiff was provided the necessary surgery and medical treatment. This action relates to a claim for money damages for incapacity pay which arose following the claim for medical care and treatment. In his brief on appeal, plaintiff argues that the administrative route for seeking incapacity pay is replete with delay, excess discovery, and might be an ineffective remedy. Even if all of these allegations were true, they do not excuse the necessity of exhausting the internal service remedies and the jurisdictional requirement that the appeal therefrom is to the United States Court of Claims. We AFFIRM the order of the district court dismissing plaintiff's claim for incapacitation pay. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470